UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OLIVER OWENS, #0290606,<br>　　　　　Plaintiff,<br>　　v.<br>MIKE WIRTH,<br>　　　　　Defendant(s). | Case No. 21-cv-05949-CRB (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a pre-trial detainee at the San Mateo County Jail, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that he was "threatened by a bunch of Hispanic 'young' men who the Chevron employees in East Palo Alto California allow to use the Chevron facilities to hide and make attempts to hurt or harass my person." ECF No. 1 (Compl.) at 3. Plaintiff seeks "Chevron video" showing similar misconduct at the station during the past 60 days and "twent[-]five million" U.S. dollars from Chevron CEO Mike Wirth. Id. Plaintiff names no other defendant.

**DISCUSSION**

A.　Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

It is well established that a private individual does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

Consequently, plaintiff's claim for damages from Chevron CEO Mike Wirth for the acts or omissions of Chevron employees in East Palo Alto, and request for video to support his claim, is not cognizable under § 1983. See id. Plaintiff's claim should be brought in state court, if at all.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to seeking relief in state court.

**IT IS SO ORDERED**.

Dated: August 13, 2021

_____
CHARLES R. BREYER
United States District Judge